[L. A. Nos. 21002, 21003. In Bank. May 11, 1951.]

CITY OF PASADENA, Respondent, v. COUNTY OF LOS ANGELES, Appellant.

Harold W. Kennedy, County Counsel, A. Curtis Smith, Assistant County Counsel, and John D. Maharg, Deputy County Counsel, for Appellant.

H. Burton Noble, City Attorney, and Frank L. Kostlan, Assistant City Attorney, for Respondent.

Ray L. Chesebro, City Attorney (Los Angeles), and Gillmore Tillman, Chief Assistant City Attorney, as Amici Curiae on behalf of Respondent.

CARTER, J.—In two actions to recover taxes paid under protest by plaintiff city to defendant county, one for the fiscal year 1945-46, the other for the fiscal year 1946-47, defendant's demurrers were overruled, and it failing to answer, judgments for plaintiff were entered.

The controversy involves the application of the constitutional provision reading: ''All property in the state except as otherwise in this Constitution provided, not exempt under the laws of the United States, shall be taxed in proportion to its value, to be ascertained as provided by law, or as hereinafter provided . . . provided, that property . . . as may belong . . . to any . . . municipal corporation . . . shall be exempt from taxation, except such lands and the improvements thereon located outside of the . . . municipal corporation owning the same as were subject to taxation at the time of the acquisition of the same by said . . . municipal corporation; provided, that no improvements of any character whatever constructed by any . . . municipal corporation shall be subject to taxation. All lands or improvements thereon, belonging to any . . . municipal corporation, not exempt from taxation, shall be assessed by the assessor of the county . . . in which said lands or improvements are located, and said assessment shall be subject to review, equalization and adjustment by the state board of equalization.'' (Cal. Const., art. XIII, § 1.)

Plaintiff pursued its administrative remedy (see *City & County of San Francisco* v. *County of San Mateo*, 36 Cal.2d 196 [222 P.2d 860]) and was denied relief by the State Board of Equalization.

The facts fitting the law as declared in the constitutional provision quoted are: That plaintiff owns property and improvements thereon consisting of a water system located outside its city limits, but within defendant county which were subject to taxation at the time of their acquisition; that defendant's assessor assessed for taxation those improvements at $56,310 for the first year and at $51,640 for the second year; that certain of said improvements were constructed by plaintiff since acquisition of the property by it ''to replace'' improvements that were subject to taxation at the time of acquisition; that the assessor placed a value on the ''replaced improvements'' on the basis of the value thereof as they existed on the first Monday of March of the respective years, although the ''replaced improvements'' were larger and more substantially constructed, and of greater value than the improvements they replaced; and that they were constructed to serve a different purpose in that they were larger and would serve more parts of the water system.

Plaintiff contends that the assessor should have fixed the value of such ''replaced improvements'' at the value the

original improvements would have had as of the first Monday in March of the respective tax years, rather than the value at that time of the "replaced improvements" which is a much higher figure. In other words, it says that when improvements are replaced, the replacements should not be taxed at their current value, but at the current value of the improvements originally on the property when acquired, because the increased value, by reason of the replacing of the original improvements, is, in effect, a new improvement which is not covered by the exception to the exemption in the constitutional provision above quoted. We cannot agree.

The constitutional provision is not concerned with assessed valuation before or after acquisition by the municipal corporation. It deals only with whether or not any improvements were constructed by the city after it acquired the property. They either are or are not improvements so constructed regardless of their value. The first part of the constitutional provision deals with valuation as distinguished from the part here involved, which, by its language, embraces what property is taxable. While the precise issue here was not involved, the whole tenor of the cases heretofore decided by this court points to this conclusion. (*City & County of San Francisco* v. *County of San Mateo,* 17 Cal.2d 814 [112 P.2d 595]; *City & County of San Francisco* v. *County of San Mateo, supra,* 36 Cal.2d 196.) In the first case the issue was whether a concrete flume which the city built to replace a wooden one was an improvement constructed by the city after acquisition of the property and thus exempt from taxation. We held it was not exempt as it was only a replacement, and stated: "In furtherance of that purpose the intent of the amendment must have been *to preserve for taxation not only the identical improvements existing on the property at the time of the acquisition of the property by the municipality, but also substitutes for the same and replacements thereof.* The improvements constructed on the property by the municipality which are exempt, are only such as are *of an entirely new character and not theretofore existing in any form.* In this connection it may be noted the words 'construct, constructed and construction' generally import the creation of something new and original that did not exist before rather than replacement, repair or improvement. [Citations.] Otherwise by merely repairing, enlarging or replacing existing improvements, the county in which the property was located would lose the tax revenues formerly received from such improvements, while

the municipality would be enjoying the same use and benefits from the improvement as it did prior to the replacement, at least to the extent of the value of the improvement as it originally existed.'' (Emphasis added.) In the second case the problem was whether a fill made after acquisition was an improvement and thus exempt from taxation. We held it was exempt, pointing out that the test was whether the fill constituted an improvement, stating (p. 198): *"If the fill constitutes an improvement* as contemplated by the constitutional amendment, it is to that extent exempt, and the county had no power to take it into consideration in making the assessment . . . Retained within the exemption provision were 'improvements of any character whatever constructed' by the city. 'Construction' or 'constructed' means the creation of something that did not exist before as distinguished from replacement or repair. (*San Francisco* v. *San Mateo County, supra,* 17 Cal.2d at 819, citing cases.) The obvious purpose was to permit the assessment of the property which was in existence at the time it was acquired by the city. The assessment in successive years of that much of the municipally-owned property was made subject to review, equalization and adjustment. The phrase 'improvements of any character whatever' must be held to include any addition (i.e., *excluding matters of repair and replacement*) to the property as it was when acquired. The amendment does not define 'improvements' beyond the descriptive language 'improvements of any character whatever.' It is difficult to perceive what more inclusive language could have been employed to express the intent to preserve to the county a continuation of the property on the tax rolls as a source of revenue restricted, however, in each successive year to an equalized valuation of the property before the addition of any construction.'' (Emphasis added.)

Plaintiff argues that in the first case the assessed value was the current value of the original improvements. Be that as it may, the point stressed is, what may be taxed.

██ It argues that the purpose of the constitutional provision is to keep on the tax rolls improvements ''as were subject to taxation at the time of the acquisition of the same'' and that where improvements are replaced they are not such as were subject to taxation at that time. But the constitutional provision goes on to say specifically what improvements are exempt from taxation; namely, those which were *constructed* by the city, and we held in the first San Francisco case, *supra,*

134

that to be such improvements, they must be wholly new structures, that replacements of existing improvements were simply not improvements of the exempt class. As seen, the issue is not one of valuation. This should be clear, for if the replacement eliminates the old improvement, there is no longer any improvement to tax, unless we look to the replacement. When we do that we have something to tax, and the question is, what is that something, not what is its value. If we tax it by the current value of the old improvement, we are not taxing an article of property; we are taxing a fiction. The difference in value does not make two separate articles of property. If the fiction is to be employed as the basis for fixing value, it would violate the spirit of the forepart of the above quoted constitutional provision that all property shall be taxed according to its value, for the replaced improvement would not be taxed according to that value.

The judgments are reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Respondent's petition for a rehearing was denied June 7, 1951.